**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| ⎤ | )|

United States of America,          )
                                    )
                                    )
          v.                        )
                                    )
                                    )   **Criminal Action No.**
Orlando DeJesus Ortiz,              )   **10-10009-NMG**
                                    )
          Defendant.                )
                                    )
                                    )

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the motion of defendant Orlando DeJesus Ortiz ("Ortiz" or "defendant"), who appears pro se, for resentencing pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Docket No. 184). Chavez is currently incarcerated at FCI Cumberland in Maryland, having been convicted of drug trafficking offenses. In October, 2011, he was sentenced to a below-guideline sentence of imprisonment of 180 months.

I.   **Background**

In 2009, the North Shore Gang Task Force of the Federal Bureau of Instigation ("the FBI") commenced an investigation in Chelsea, Massachusetts, targeting gang-related drug traffickers operating in the area. During that investigation, law

- 1 -

enforcement agents conducted dozens of controlled purchases of crack cocaine from the targets.  One such transaction occurred on May 15, 2009, in which defendant sold to a cooperating witness 1.2 grams of crack cocaine.

Several months later, in January, 2010, a federal grand jury returned a three-count indictment, charging Ortiz and co-defendant Hector Rosa with conspiracy to distribute cocaine base and distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 846.  Thereafter, the government, acting pursuant to 21 U.S.C. § 851 ("§ 851 information"), filed an information observing that defendant had prior felony drug convictions which increased his maximum available penalty from 20 to 30 years in prison under § 841(b).  In June, 2011, a federal jury found Ortiz guilty of the instant drug trafficking offense.

At the time Ortiz was sentenced in October, 2011, his criminal record spanned more than a decade and included convictions of, inter alia, distribution of controlled substances, assault with a dangerous weapon and assault and battery on a police officer and resisting arrest.  Four of those convictions qualified him as a career offender under U.S.S.G. § 4B1.1, thereby increasing the advisory guideline sentencing range to 262 to 327 months of imprisonment.  In light of the sentencing factors set forth in 18 U.S.C. § 3553(a), however,

this Court ultimately sentenced defendant to a below-range 180 months in prison.

Defendant appealed his conviction and sentence to the First Circuit Court of Appeals ("the First Circuit") which, by summary disposition, affirmed the judgment of this Court in May, 2013.

Defendant now moves for resentencing pursuant to § 404 of the First Step Act of 2018 ("the FSA"), contending that he is entitled to a reduction of the (below guideline) sentence previously imposed by this Court.  The government disagrees and urges this Court to deny defendant's motion because the passage of the FSA had no impact on the advisory guideline sentencing range for Ortiz.

II.   **Motion for Resentencing Pursuant to the First Step Act**

**A. Statutory Framework**

In 2010, Congress enacted the Fair Sentencing Act primarily to reform the penalty structure for crack cocaine offenses. Pub. L. No. 111-220, 124 stat. 2373.  In furtherance of that goal, § 2 of the Act, inter alia, lowered statutory penalties for crack cocaine offenses and increased the quantities of crack cocaine necessary to initiate mandatory minimum sentences. Those provisions did not, however, apply retroactively. Dorsey v. United States, 567 U.S. 260, 281-82 (2012).

To address that concern, Congress enacted the First Step Act in 2018 which rendered several provisions of the Fair

Sentencing Act retroactive.  Relevant to Ortiz's pending motion
is § 404 of the First Step Act, which permits (but does not
require) a court that "imposed a sentence for a covered offense"
to reduce a defendant's sentence as if § 2 of the Fair
Sentencing Act had been in effect when the offense was
committed.  § 404(b)-(c).

A "covered offense" means

a violation of a Federal criminal statute, the statutory
penalties for which were modified by section 2 or 3 of the
Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat.
2372), that was committed before August 3, 2010.

§ 404(a).  That modification is applicable to any violation of
21 U.S.C. § 841 involving the distribution of crack cocaine,
even violations where, as here, the quantity of drugs attributed
to defendant does not implicate a mandatory minimum sentence
under § 841(b).  See United States v. Smith, 954 F.3d 446, 449-50
(1st Cir. 2020).

### B. Application

Here, although Ortiz was convicted of a "covered offense"
under the First Step Act, this Court finds no reason to alter
the previously imposed below-guideline sentence.  See Smith, 954
F.3d at 452 ("The First Step Act gives district courts
discretion to grant or deny a sentencing reduction.").  Indeed,
there has been no change to the applicable advisory guideline
sentencing range since sentence was imposed.  Under both the

2010 Guidelines Manual and the now-operative 2018 version, defendant, as a career offender, has a total offense level of 34, falls in criminal history category VI and has an advisory guideline sentencing range of 262-327 months. See U.S.S.G. § 4B1.1.

Furthermore, nothing in defendant's memorandum assuages the concern of this Court as to the risk he poses to the public.  He makes no mention of any effort at rehabilitation nor a promise to change his life-style as a career offender.  Thus, the totality of the circumstances, specifically defendant's lengthy criminal history, the need for just punishment and respect for the law and the obligation to protect the public, weighs heavily against reducing defendant's sentence. See § 3553(a). Accordingly, defendant's motion seeking such a reduction will be denied.

**ORDER**

For the foregoing reasons, defendant's motion to reduce sentence pursuant to the First Step Act (Docket No. 184) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 12, 2021

- 5 -